# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

LAWRENCE FRUMUSA,

                     Appellant,

-vs-

VALOREE FRUMUSA, LOUIS C. FICO,
VINCENT FERRERO, DAVID RASMUSSEN,
DAVIDSON FINK, LLP AND [THE
HONORABLE] JOHN C. NINFO,

                     Appellees.

10-CV-6043-CJS

Bankruptcy Case
No. 09-21527

DECISION & ORDER

**Siragusa, J.** On January 26, 2010, Lawrence Frumusa filed with this Court a "Notice of Appeal" pursuant to 28 U.S.C. § 158 (2005) seeking review of "the Orders Enter [soc] by lower court in the adversary hearing as above mentioned." (Notice of Appeal 1.) In the caption of the Notice, he lists the following defendants: Valoree Frumusa, Vincent Ferrero, David Rasmussen, Davidson Fink, LLP, Louis C. Fico and [the Honorable] John C. Ninfo, II. Later in his Notice, Mr. Frumusa refers to Attachment A, stating, "[t]he parties to the Decision and Order appealed from, including the names, addresses and telephone numbers of their respective attorneys, are as follows on attachment A." (Notice 2.) Attached to the Notice are: a statement from Gary Bunce alleging, *inter alia*, that the attorneys representing Mr. Frumusa at a "Federal Court hearing" on August 5, 2009, were not prepared for the hearing, disadvantaging Mr. Frumusa, who was not present; headnotes from *Shomo v. city of New York*, 579 F.3d 176 (2d Cir. 2009) and several other cases, concerning construing a *pro se* complaint liberally; a letter from Mr. Frumusa to Kathleen Dunivin Schmitt at the Office of the U.S. Trustee with the subject line of "Unsecured Creditors Committee"; copies of 11 U.S.C. §§ 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 701, 702, 703, 704,

705, 706 and 707; a copy of a motion filed in the Bankruptcy Court to "authorize the use of cash colleteral (US Rule 363(c)(2)(B))"; a copy of a Decision in *In re Lawrence Frumusa*, No. 09-21527, AP No. 09-1271 (Bankr. W.D.N.Y. Nov. 24, 2009); a copy of a Decision in *In re Lawrence Frumusa*, No. 09-21527, AP No. 09-1271K (Bankr. W.D.N.Y. Nov. 24, 2009); a copy of a Decision in *In re Lawrence Frumusa*, No. 09-21527, AP No. 09-1271-MJK (Bankr. W.D.N.Y. Dec. 11, 2009); a Notice Regarding Perfecting the Record on Appeal (Dec. 22, 2009); a copy of a letter to Mr. Frumusa from Lisa Bertino Beaser, Chief Deputy (Dec. 22, 2009), providing him with instructions related to perfecting his appeal; Mr. Frumusa's affidavit in support of an order to proceed *in forma pauperis*; Mr. Frumusa's motion to proceed *in forma pauperis*; and a copy of a decision in *Frumusa v. United States Department of Immigration*, No. 09-CV-6633 (W.D.N.Y. Dec. 16, 2009). Missing from his appellate papers is a designation of the items to be included in the record on appeal as well as a statement of issues. *See* Bankruptcy Rule 8006 (2009).

On February 22, 2010, Mr. Frumusa filed what he titled as a Notice of Appeal. Like his original Notice of Appeal filed on January 26, 2010, this Notice consists of 51 pages and includes some of the same papers filed with his original Notice. The first and second pages of the notice appear to the Court to be exact copies of the papers filed in the original Notice. Mr. Frumusa gives no explanation for why he filed what is essentially a duplicate Notice of Appeal.

As instructed by the Notice he received from the Bankruptcy Court in December, pursuant to Bankruptcy Rules 8006 and 8009, Mr. Frumusa had 14 days from the date of filing to perfect his appeal. The fourteenth day was Friday, March 12, 2010. Bankr. R. 8009. Filing the subsequent duplicate Notice of Appeal did not change this date. Accordingly, he

has failed to comply with the Bankruptcy Rules concerning the perfection of his appeal. This is not the first time this Court has warned Mr. Frumusa concerning perfection of his appeal. In case number 09-CV-6436, *Frumusa v. Woodard*, the Court warned Mr. Frumusa that his failure to perfect the appeal could result in dismissal, and after Mr. Frumusa was given time to perfect, and said he would, then failed to do so, the Court dismissed the appeal. The Court reached the same conclusion in case number 09-CV-6439, *Frumusa v. Woodard*, dismissing that appeal for failure to perfect. Likewise, in case number 10-CV-6063, *Frumusa v. Arnold*, Mr. Frumusa again failed to perfect his appeal within the time set by the rules. Nevertheless, the Court, *sua sponte*, enlarged the time to perfect, but even then, Mr. Frumusa failed to comply, and the appeal was dismissed. Finally, in case number 10-CV-6065, *In re Lawrence Frumusa, Lawrence Frumusa Land Development LLC, Rising Tide Enterprise LLC,* the Court once more *sua sponte* enlarged the time to perfect the appeal, and Mr. Frumusa did not perfect that appeal, or ask for a further extension.

On March 16, 2010, Mr. Frumusa filed in the Bankruptcy Court, which transmitted the papers to this Court, a "Motion by Debtor for *Sua Sponte* Extension of Time to Perfect the Appeals" and an election to have his appeal heard by a Bankruptcy Appellate Panel.[1] Mr. Frumusa's motion for an extension reads like the beginning of his autobiography. He asks for "a 30 day hold [sic] all appeal efforts allowing Frumusa to focus on the critical work that needs to be done in the short term." (Docket No. 4 at 2.)

Both Bankruptcy Rule 9006(b) and Federal Rule of Civil Procedure 6(b) read as follows:

---

[1] "Bankruptcy Appellate Panel Service within the Second Circuit commenced on July 1, 1996, but was terminated by Order of the Judicial Council of the Second Circuit on June 30, 2000." *In re Carrozella & Richardson*, 259 B.R. 239, 240 n.4 (Bkrtcy. D.Conn. 2001). Thus, all appeals from Bankruptcy Court come to the District Court for adjudication.

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Here, Mr. Frumusa has failed to comply with subparagraph (b)(2). Since his motion for an enlargement was made after the expiration of the original deadline, he needed to show that his failure to act was the result of excusable neglect. Nothing in his application addresses this issue.

Under the circumstances outlined above, and considering the numerous times this Court and the Bankruptcy Court have instructed Mr. Frumusa about the requirement that he perfect his appeals, the Court finds that any lesser sanction other than dismissal would not be appropriate. If Mr. Frumusa continues in this fashion, the Court will also consider a monetary sanction. Fed. R. Civ. P. 11; *see also* Bankr. R. 9011. However, for now, it is hereby

ORDERED, that this appeal is dismissed for failure to perfect; and it is further

ORDERED, that the Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: April 7, 2010
       Rochester, New York

                ENTER:

                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge